Joel J. Tyler, J.
The court is now asked to rectify an alleged grievous mistake, in the interest of justice, by vacating the judgment of conviction upon the ground that defendant’s plea of guilty was procured by duress, misrepresentation or fraud, and in contravention of the defendant’s rights guaranteed under the Constitutions of our State and the United States. The motion is made under the purview of CPL 440.10 and 440.30.
Before this court may exercise its discretion, the prime issue must be resolved, to this effect — Does the court still retain any jurisdiction within which it may exercise discretion? If the answer is in the negative, of course, further arguments as to the equities in the matter become academic and may not be heard. The converse also is true. If the court still retains jurisdiction, the remaining issues may then be considered and disposed of.
There is agreement on these facts: 1. Defendant was charged, initially, with a class A misdemeanor, namely, section 220.05 of the Penal Law.
2. Some time after a hearing, and for the purpose of disposition, section 240.36 of the Penal Law, a class B misdemeanor, was added to the complaint, and the defendant pleaded guilty thereto to cover all the charges in the complaint. The plea was agreed to and taken before this court, who then ordered a probation report in aid of sentence.
3. Predicated upon the probation report and upon all the facts before this court, the defendant was sentenced to a jail term of three months.
4. After the defendant was sentenced, it was revealed to the court for the first time, that the Assistant District Attorney had indicated to defendant that he would be permitted to withdraw his plea if jail time was imposed. The court refused to permit the withdrawal of the plea.
5. Thereafter, the defendant appealed to the Appellate Term from the judgment of conviction of this court, and that appellate court unanimously affirmed said judgment.
6. The matter is now pending on appeal before the Court of Appeals, upon permission granted by a Judge of that court.
*357 Does this court, at this late date and after the appellate machinery has ground past the Appellate Term into our final State court, continue to retain jurisdiction for the relief requested? It would appear that this court no longer has jurisdiction and is mandated by law to summarily deny the application under the clear dictates of subdivision 2 of CPL 440.10.
Defendant’s counsel candidly asserts that he is unable to find authorities to support defendant’s contentions before this court. Nor does the District Attorney furnish any such authority, although he is in agreement and supports the defendant’s position in toto.
Let us consider the defendant’s arguments: 1. It is agreed that the conduct of the Assistant District Attorney, who negotiated the guilty plea, was highly improper and condemnable. It would appear that his concern was directed more to securing a conviction — any conviction — than to do substantial justice and this is one of the dastardly and not infrequent results of our present plea bargaining machinery. This machinery, as presently operated, too often asserts the importance of statistical excellence rather than the quality and true meaning of justice.
Now, the defendant maintains that when the prosecutor promised that defendant may withdraw the plea if he were sentenced to jail time, the defendant relied upon it. The defendant asserts that to the extent that the promise was unfulfilled, the plea must be deemed to have been extracted by means of “ duress, misrepresentation or fraud” on the part of the prosecutor, and, if that be so, this court may vacate the judgment, under the purview of CPL 440.10 (subd. 1, par. [b]).
There is nothing in the record that would indicate duress, misrepresentation or fraud on the part of the prosecutor, nor did the Appellate Term find any. The arraignment after the plea and the warnings given by the court with respect to possible sentence, made perfectly clear the possible consequences of the plea. Further, the defendant denied that any promises »were made to him other than that the prosecutor would recommend a fine or probation. Nor did his counsel indicate any further promise, which would have alerted the court to a possible misrepresentation, duress or fraud on the part of the prosecutor.
Further, at the time of sentencing and before imposing sentence, the court asked defendant if he wished to make any statement and he answered in the negative. Certainly, the defendant or his attorney, or the Assistant District Attorney, or all three, could have then alerted the court to the alleged *358 promise that he could withdraw his plea if jail time were to be imposed.
2. But what is a more significant argument and goes to the gravamen of the motion is that the defendant urges that the validity of the plea was never before the Appellate Term, but only the issue whether this court was bound by the prosecutor’s unauthorized promise, and therefore, since a new issue is now being raised before this court, it is not restrained by the mandate of subdivision 2, but rather, it should be guided by the permissiveness of subdivision 3 of said section 440.10.
This argument appears to be an exercise in semantics.
The appeal to the Appellate Term was from the “ judgment ” of this court under CPL 450.10 (subd. 1). A “ judgment ” not only includes the sentence imposed but also the conviction (CPL 120, subd. 15). And the meaning of the term “ conviction ” includes the “ entry of a plea of guilty ” (CPL § 1.20, subd. 13).
Accordingly, when the judgment was appealed to the Appellate Term, that court had before it, as part of that judgment, not only the consideration of the issue whether this court was bound by the prosecutor’s unauthorized promise of no jail time, but also any issue relative to the validity of the entry of the guilty plea (see CPL 470.15, subds. 1 and 3). Contrary to defendant’s argument, it is apparent that the record before the Appellate Term included the question of the validity of the plea. For example, after the sentence, both the prosecutor and defense counsel urged that the defendant be permitted to withdraw his plea, in the light of the alleged promise made by the prosecutor that if the defendant be sentenced to a jail term, “ the People would not oppose a motion to withdraw the plea ” and that he would “ be permitted to withdraw the plea ”.
Further, Mr. Swan, the Assistant District Attorney on this motion, in his argument thereon on May 10, 1974, advised this court that the thrust, in part, of his argument before the Appellate Term was 11 that we could surmise, at best we could surmise defendant relied upon ” the promise that he could withdraw his plea in the event of jail time.
And so, the Appellate Term had all of the arguments before it that this court is asked to reconsider, and such reconsideration would be bold, improper and presumptuous, indeed, in the light of the restraints of CPL 440.10 (subd. 2), and particularly paragraph (a) thereof. And since the matter is now pending further appeal in the Court of Appeals, said section 440.10 (subd. 2, par. [b]) further compels restraint upon this court. Further, since the issues in question were, as aforesaid, part of the record *359 bef ore the appellate court, I find nothing in subdivision 3 of said section 440.10 to permit the exercise of this court’s discretion.
The People, in joining with defendant in this motion, argue that the Court of Appeals (where the further appeal is now pending) may very well remand the case to this court for an evidentiary hearing to determine whether, in fact, the defendant relied upon the promise to permit withdrawal of his plea in the event he was sentenced to jail; then it would determine the appeal on the basis of the outcome of that hearing. If that is what the Court of Appeals would do, People argüe, why waste all the time and expense and why not have this court now hold such hearing and deal with the judgment based upon the outcome of such hearing?
Firstly, as heretofore stated, this court has no further jurisdiction in the matter, even if it be inclined to accede to prosecutor’s suggestion. Secondly, we cannot presume upon the disposition to be made by that appellate court. Thirdly, the Appellate Term was authorized to take such a position within the broad purview of CPL 470.15 and 470.20, but it chose not to do so.
In view of the foregoing, the motion is denied in each and every respect.